Jose Ricardo ZAVALETA–GALLEGOS,
Petitioner–Appellant,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.

No. 99–71017

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2001*

Filed Aug. 20, 2001

* The panel unanimously finds this case suitable    R.App. P. 34(a)(2).
  for decision without oral argument.    Fed.

Andres Z. Bustamante, Los Angeles, California, attorney for the petitioner.

Lisa M. Arnold, Attorney, U.S. Department of Justice, Civil Divison, Washington, D.C., attorney for the respondent.

Before: PREGERSON, CANBY and THOMPSON, Circuit Judges.

PREGERSON, Circuit Judge:

We must determine in this case whether we have jurisdiction to review the petition of an alien opposing deportation on the ground that he is not removable for a criminal conviction because it occurred prior to the granting of his visa application. Under 8 U.S.C. § 1252(a)(2)(C) we lack jurisdiction to review final orders of removal if the petitioner is removable for committing an enumerated criminal offense. We conclude that Zavaleta is removable under the statute because of his criminal conviction and dismiss the petition for lack of jurisdiction.

## I.

Jose Ricardo Zavaleta–Gallegos (Zavaleta), a native and citizen of El Salvador, entered the United States without inspection in 1984 at age fifteen. In 1989, Zavaleta's mother filed a visa petition on his behalf, which was granted by the INS. His mother was granted legal permanent resident status in 1989, and was naturalized in 1995.

On November 18, 1993, Zavaleta pled nolo contendere to a charge of stalking in

violation of Cal.Penal Code § 646.9(B) and was sentenced to sixteen months imprisonment. Zavaleta maintained at the deportation hearing that the stalking charge arose out of annoyance and harassment that he caused to a fellow student, his alleged girlfriend. Zavaleta served eight months for the conviction in the United States, and then returned voluntarily to El Salvador.

Zavaleta submitted a visa application to the American Consulate in El Salvador in 1994, seeking to adjust his status to lawful permanent resident in order to enter the United States. Question 33 of the application directs the applicant to state whether he or she is a member of any class of individuals excluded from admission into the United States. Zavaleta checked "no" to question 33(b), which asked whether he had been convicted of, or admitted committing, a crime involving moral turpitude. Despite answering this question in the negative, Zavaleta attached to his application several supporting documents, including a docket sheet referring to his 1993 nolo contendere plea and sixteen month sentence, and a record of his plea.

On July 23, 1994, Zavaleta's application was approved and he was admitted to the United States as a permanent resident. On the upper right hand corner of the first page of the visa document, there is an area for the immigration official granting the visa to check if a waiver is granted under one of four statutory sections.[1] The waiver box relevant to this case—waiver under INA § 212(h) for crimes of moral turpitude—was not checked on Zavaleta's application. See 8 U.S.C. § 1182(h).

The INS issued a Notice to Appear on July 14, 1998, charging Zavaleta as removable under INA § 237(a)(1)(A), codified at 8 U.S.C. § 1227(a)(1)(A), because of his 1993 conviction for stalking. INA § 237(a)(1)(A) authorizes the removal of aliens who were inadmissible at the time of entry or of adjustment of status "by the law existing at such time." In 1994, the time of Zavaleta's admission, conviction of a crime involving moral turpitude was a ground for an inadmissibility finding. INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I).

The Immigration Judge (IJ) held a removal hearing on September 8, 1998 and asked Zavaleta why he was granted a visa application, given his prior conviction. Zavaleta responded that the consulate, by granting his visa application, must have waived his prior conviction under the authority of INA § 212(h).[2] Zavaleta agreed with the IJ that Zavaleta could not have received his visa without a waiver under INA § 212, and did not contest that the appropriate waiver box, § 212(h), was not checked.

On December 11, 1998 the IJ concluded that Zavaleta was removable as charged

---

1. The form has check boxes for INA § 212(e), (g), (h), and (i). INA § 212(e) provides for waivers of inadmissibility for exchange students in some circumstances; § 212(g) provides for waivers of inadmissibility due to communicable diseases for certain individuals; § 212(h) provides for waivers for crimes of moral turpitude (except murder and torture), prostitution, and single simple possession of thirty grams or less of marijuana for certain individuals; § 212(i) provides for waivers of inadmissibility due to fraudulent or material misrepresentation for certain individuals. See 8 U.S.C. § 1182(e), (g), (h), (i).

2. INA § 212(h) establishes that the Attorney General, in her discretion, may waive various statutory grounds of inadmissibility, including crimes of moral turpitude (except murder and torture) if the alien demonstrates extreme hardship or meets a fifteen year statute of limitations period. See INA § 212(h), 8 U.S.C. § 1182(h); see also, Matter of Alarcon, 20 I & N Dec. 557 (BIA 1992). To qualify for an extreme hardship waiver, the alien must be a spouse, parent, or child of a United States citizen or legal permanent resident for whom the deportation would cause extreme hardship. INA § 212(h)(1)(B).

because he had been convicted of a crime of moral turpitude before admission. The IJ concluded that Zavaleta had not been granted a § 212(h) waiver at the time of admission, and denied Zavaleta's nunc pro tunc motion for a § 212(h) waiver. The IJ found that because Zavaleta's stalking conviction constituted an aggravated felony, he could not show that he had lawfully resided in the United States for a period of seven years. The IJ also concluded that as a discretionary matter Zavaleta was not entitled to the § 212(h) waiver because of the presence of numerous adverse factors and his failure to establish an extreme hardship to his mother.

Zavaleta appealed the IJ's decision to the Board of Immigration Appeals (BIA) on January 8, 1999. Zavaleta contended that the government failed to show that his admission—without the waiver—was irregular. He argued that the government should not be able to use the 1993 conviction as a ground for removal because he was lawfully admitted after the conviction. The BIA affirmed the removal order of the IJ on July 26, 1999. The BIA rejected Zavaleta's argument that the American consulate granted him a waiver under § 212(h), and found that Zavaleta was subject to removal as charged. The BIA also concluded that the IJ properly denied his nunc pro tunc motion for § 212(h) relief. Zavaleta timely appealed the BIA's determination.

## II.

The government contends that this court lacks jurisdiction to hear Zavaleta's appeal under 8 U.S.C. § 1252(a)(2)(C). This section provides in relevant part that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) [INA § 212(a)(2)] or 1227(a)(2)(A)(iii), (B), (C), (D) [INA § 237(a)(2)(A)(iii), (B), (C), or (D)]." 8 U.S.C. § 1252(a)(2)(C).

▮▮▮▮ Although § 1252(a)(2)(C) broadly strips federal appellate courts of jurisdiction to review final orders of removal of criminal aliens, we have determined that appellate courts retain jurisdiction "to determine whether a petitioner 'is an alien [removable] by reason of having been convicted of one of the enumerated offenses.' " *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000) (quoting *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir. 1999)); *see also Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000) ("We continue to have jurisdiction to determine whether jurisdiction exists."). In other words, courts retain jurisdiction to address three threshold issues: "whether [the petitioner] is [1] an alien, [2] *removable,* and [3] removable because of a conviction for a qualifying crime." *Mahadeo v. Reno,* 226 F.3d 3, 9 (1st Cir.2000) (emphasis added).[3]

**3.** In *INS v. St. Cyr,* —— U.S. ——, 121 S.Ct. 2271, 2287, 150 L.Ed.2d 347 (2001) the Supreme Court held that habeas review remains available to criminal aliens under 28 U.S.C. § 1252. In a footnote in *Calcano–Martinez v. INS,* —— U.S. ——, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001), a companion case to *St. Cyr,* the Court commented on the ambiguous scope of § 1252(a)(2)(C). *Id.* at 2270 n. 2. ("The scope of this preclusion is not entirely clear. Though the text of the provision is quite broad, it is not without its ambiguities." ). The Court described as "instructive" the Government's concession that "the court of appeals have the power to hear petitions challenging the factual determinations thought to trigger the jurisdiction-stripping provision (such as whether an individual is an alien and whether he or she has been convicted of an 'aggravated felony' within the meaning of the statute."). *Id.* This discussion is consistent with the conclusion of our circuit that we retain jurisdiction over the threshold factual inquiries to determine if the provision applies.

Zavaleta argues on appeal that the government waived the ground for his exclusion, pursuant to § 212(h), when he was admitted as a legal permanent resident in 1994. He argues that because his conviction for stalking was waived, it cannot serve as a ground for his removal. He contends that he is therefore not "removable by reason of having committed a criminal offense," and that his case is thus outside of the scope of § 1252(a)(2)(C). Evaluating Zavaleta's argument—that he is not "removable"—thus falls within the narrow review authorized by § 1252(a)(2)(C). We retain jurisdiction to determine whether Zavaleta is "removable" within the meaning of the INA provision.

Zavaleta's case presents one of the rare cases where "the jurisdictional question and the merits collapse into one," *Sareang Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir.2000), because if Zavaleta is not "removable" for the 1993 conviction because of the alleged waiver by the immigration official, we have jurisdiction to hear his petition, and Zavaleta is entitled to relief from deportation. If Zavaleta is "removable" under either INA § 212(a)(2) or § 237(a)(2)(A)(iii), (B), (C), or (D), then we do not have jurisdiction to hear his petition pursuant to 8 U.S.C. § 1252(a)(2)(C), and he would lose on the merits in any case.

### III.

The Government argues Zavaleta is removable under both § 212(a)(2) and § 237(a)(2)(A)(iii).[4] We can quickly dispose of the § 237 criminal alien provision argument. INA § 237(a)(2)(A)(iii) authorizes removal only for criminal felony convictions that occurred *after* admission. Zavaleta's stalking conviction occurred *before* any lawful admission.

Whether Zavaleta is removable under § 212(a)(2) is a more complicated inquiry. INA § 212(a)(2)(A)(i)(I) defines classes of aliens who are ineligible for visas or admission and includes aliens convicted of crimes involving moral turpitude. Zavaleta does not contest that his conviction for stalking constitutes a crime of moral turpitude. Rather, Zavaleta argues that the government failed to prove that he was removable because it failed to show that he was not granted a waiver under § 212(h) at the time of admission.

The BIA's factual findings are reviewed for substantial evidence. *See Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000). Here, the BIA concluded that Zavaleta was not granted a § 212(h) waiver at the time of admission. The only evidence of a waiver in this case is the fact that the consulate granted Zavaleta's visa application. The consulate could not have granted the application without a waiver unless either: (1) the consulate was not aware of Zavaleta's prior conviction, or (2) the consulate erred. Given that there are no facts other than the granting of the visa application that indicate that the consulate waived Zavaleta's stalking conviction, the finding of the BIA is reasonable and supported by the record. Because Zavaleta failed to show that he received a waiver, he is removable by reason of having committed a criminal offense covered in § 212(a)(2). We therefore lack jurisdiction to entertain Zavaleta's petition for review.

---

4. *See* INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I) ("[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of—a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime ... is inadmissible"); INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

## IV.

■ We DISMISS Zavaleta's petition for review for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C). We note that although the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) removed our jurisdiction to consider petitions for review on direct appeal brought by petitioners like Zavaleta, IIRIRA's permanent rules did not repeal the statutory habeas remedy available via 28 U.S.C. § 2241. *INS v. St. Cyr,* — U.S. —, 121 S.Ct. 2271, 2287, 150 L.Ed.2d 347 (2001). Accordingly, Zavaleta's petition is dismissed.