**Marcelino LOPEZ–DIAZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 99–71676.

I & NSA A17–191–372.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided Sept. 5, 2001.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

1. Lopez–Diaz argues that he is not removable as an aggravated felon because the California Superior Court "expunged" his underlying aggravated felony conviction pursuant to California Penal Code § 1203.4. This expungement argument is intertwined with the threshold issue of jurisdiction: If Lopez–Diaz's aggra-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

vated felony conviction remains operative despite the state court expungement, then we lack jurisdiction.[1]  IIRIRA[2] enacted 8 U.S.C. § 1252(a)(2)(C), which precludes judicial review of "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii)." Section 1227(a)(2)(A)(iii), in turn, renders removable aliens who have been convicted of an aggravated felony.  The issue to be resolved, and the one upon which jurisdiction hinges, is whether Lopez–Diaz "is removable" by virtue of his aggravated felony conviction.  The answer turns on whether that conviction remains operative despite the fact that it was expunged by the California Superior Court.  This issue has recently been resolved adversely to Lopez–Diaz.  In *Murillo–Espinoza*, we affirmed the BIA's interpretation that "Congress intended to establish a uniform federal rule that precluded the recognition of subsequent state rehabilitative expungements of convictions."  *Id.* at 774 (upholding the BIA's decision *In re Roldan–Santoyo*, Int. Dec. 3377, 1999 WL 126433 (BIA 1999) (en banc)).  Accordingly Lopez–Diaz is removable by virtue of having been convicted of an aggravated felony.  We therefore lack jurisdiction to review Lopez–Diaz's final order of removal and must dismiss his petition for review.

■ 2.  Lopez–Diaz next argues that recognizing the expungement of convictions for first-time drug-possession offenses, *see Lujan–Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir.2000), but not recognizing the expungement of convictions for aggravated felonies violates the equal protection rights of aliens convicted of aggra-

vated felonies.  "[F]ederal classifications of aliens 'are valid unless wholly irrational.'"  *Carr v. INS*, 86 F.3d 949, 952 (9th Cir.1996) (quoting *Garberding v. INS*, 30 F.3d 1187, 1190 (9th Cir.1994)).  There is nothing irrational about Congress or the BIA treating first-time drug-possession offenses more leniently than aggravated felonies.  Therefore there is no violation of equal protection.  *See Carr*, 86 F.3d at 952 ("[T]he Service can craft different policies for firearms offenses even though some would view them as out of line with its policy towards other crimes."); *Cabasug v. INS*, 847 F.2d 1321, 1327 (9th Cir.1988) ("We also do not agree with the implicit proposition that the Constitution requires Congress to lay out crimes on a spectrum, and grant at least as much discretion [for relief from deportation] for the less serious as for any more serious crimes.").  Accordingly, Lopez–Diaz's equal protection argument fails.

■ 3.  Finally, Lopez–Diaz argues that, because he entered his guilty plea to the underlying conviction before former INA § 212(c) was repealed, he is entitled to pursue the discretionary relief that was available under that section at the time he entered his guilty plea.  He is correct.  *See INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 2293, 150 L.Ed.2d 347 (2001) ("We therefore hold that § 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect.").

---

1.  We have jurisdiction to determine whether an alien is in fact removable for one of the enumerated grounds that preclude review of a final order of deportation.  *Zavaleta–Gallegos v. INS*, 261 F.3d 951, 954 (9th Cir.2001);

*Murillo–Espinoza v. INS*, 261 F.3d 771, 773 (9th Cir.2001).

2.  Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996).

Because Lopez–Diaz's petition for review is subject to 29 U.S.C. § 1252's bar, we must dismiss it for lack of appellate jurisdiction. Lopez–Diaz may, however, pursue his claim for discretionary relief by way of a habeas corpus proceeding. *See St. Cyr,* 121 S.Ct. at 2287; *Flores–Miramontes v. INS,* 212 F.3d 1133, 1143 (9th Cir.2000). The mandate shall be stayed for an additional 30 days to allow Lopez–Diaz to file a habeas corpus petition in district court under 28 U.S.C. § 2241.

DISMISSED.