**Remigio M. DELOS SANTOS, aka, Remigio M. De Los Santos, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70662.

I & NS No. A28–737–745.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2002.*

Decided March 25, 2002.

Before GOODWIN, REINHARDT, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Remigio M. De Los Santos, a citizen of the Philippines, seeks review of the BIA's refusal to reopen deportation proceedings in order to allow him to present new evidence of extreme hardship. We dismiss the petition.

On the basis of his perjury conviction, De Los Santos is an aggravated felon. *See* 8 U.S.C. § 1101(a)(43)(S); *Aragon–Ayon v. INS,* 206 F.3d 847, 852–53 (9th Cir. 2000). He was charged with conviction of that crime in the order to show cause. *See Briseno v. INS,* 192 F.3d 1320, 1322–23 (9th Cir.1999). Thus, we lack jurisdiction over this petition. *See* 8 U.S.C. § 1252(a)(2)(C); *Murillo–Espinoza v. INS,* 261 F.3d 771, 774 (9th Cir.2001); *cf. Zavaleta–Gallegos v. INS,* 261 F.3d 951, 955 (9th Cir.2001) (crime of moral turpitude).

Petition DISMISSED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Martin GOMEZ–MONTEZ, Defendant—Appellant.**

No. 01–50252.

D.C. No. CR–00–00651–SVW–01.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Nov. 27, 2001.*

Decided March 26, 2002.

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

### MEMORANDUM**

Martin Gomez–Montez appeals his guilty plea conviction for being "found in" the United States in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gomez–Montez argues that his plea hearing did not satisfy the requirements of Fed.R.Crim.P. 11(c)(1) because the district court used the term "reentry," instead of "found in," to describe the nature of the crime charged.[1] Because Gomez–Montez did not raise this objection below, it is his burden to demonstrate that the district court's omission constituted plain error. *United States v. Vonn,* —— U.S. ——, 122 S.Ct. 1043, —— L.Ed.2d —— (2002). He has failed to do so. In fact, the record plainly shows that Gomez–Montez's substantial rights were not affected. At the plea hearing, Gomez–Montez admitted that he "was found in Los Angeles County." He also acknowledged that he had read, reviewed and signed a plea agreement admitting that he was "found in" the United States in violation of § 1326. We, therefore, conclude that the district court did not commit plain error.

Gomez–Montez also argues that his enhanced sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have, however, already considered and rejected that same argument. *See United States v. Ramos–Godinez,* 273 F.3d 820, 825 (9th Cir.2001); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

**AFFIRMED.**

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Rule 11(c)(1) requires a district court to "inform the defendant of, and determine that the defendant understands, ... the nature of the charge to which the plea is offered" before it accepts a guilty plea.