Maria Esperanza RASCON, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–74333.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2005.**

Decided June 10, 2005.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Deborah N. Misir, Esq., DOJ–U.S. Department Of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before W. FLETCHER and TROTT, Circuit Judges, and RESTANI,*** Judge.

MEMORANDUM †

Petitioner Maria Esperanza Rascon seeks review of the Board of Immigration Appeals' ("BIA") removal order, which affirmed the decision of the immigration judge without a written opinion, as well as the BIA's decision to deny her motion to reconsider. Rascon argues that, under the Federal First Offender Act, 18 U.S.C. § 3607 (2004), the expungement of two of her state law controlled substance convictions negates their use in determining her eligibility for adjustment of status and can-

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

† This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cellation of removal. For the reasons discussed below, we **DENY** the petition.

## I.

Rascon entered the United States from Mexico unlawfully and without inspection in 1972. In 1986, she was convicted three times for being under the influence of a controlled substance in violation of section 11550 of the California Health & Safety Code: (1) case number 31–364–118 (convicted of violating section 11550(a) on June 6, 1986); (2) case number 31–344–207 (convicted of violating section 11550(a) on June 6, 1986); and (3) case number 31–327–319 (convicted of violating section 11550(b) on July 31, 1986). The conviction in case number 31–364–118 was expunged in July 2000 pursuant to section 1203.4 of the California Penal Code. Cal. Pen.Code § 1203.4. The conviction in case number 31–344–207 was expunged in May 2003 pursuant to the same statutory provision. The record gives no indication that the conviction in case 31–327–319 was expunged.

Removal proceedings began in 2000. Before the immigration judge, Rascon conceded removability as an alien present in the United States without being admitted or paroled after inspection, *see* 8 U.S.C. § 1182(a)(6)(A)(i), but sought relief from removal through adjustment of status, *see* 8 U.S.C. § 1255, and cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). The immigration judge determined that the expungement of one of her convictions would have qualified her for first offender treatment had she been convicted only once, but concluded that her three convictions rendered her ineligible for first offender treatment and thus ineligible for adjustment of status and cancellation of removal as a matter of law. The BIA affirmed the immigration judge's decision without a written opinion. Rascon did not petition for review of the removal order.

Rascon filed a motion to reconsider, arguing that, pursuant to the First Offender Act, the factual basis for her removal was eliminated by expungement of her convictions in cases 31–364–118 and 31–344–207. In contrast to the immigration judge's focus on the number of Rascon's convictions, the BIA denied the motion on the ground that her convictions for using or being under the influence of a controlled substance were not for simple possession or lesser included offenses. Rascon then timely filed a petition for review.

## II.

Until recently, 8 U.S.C. § 1252(a)(2)(B)-(C) limited our jurisdiction to review final orders of removal. *See, e.g., Zavaleta–Gallegos v. INS,* 261 F.3d 951, 954 (9th Cir.2001). The REAL ID Act of 2005 § 106(a)(1)(A)(iii), Pub.L. No. 109–13, 119 Stat. 231 (codified at 8 U.S.C. § 1252(a)(2)(D)), "restored judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders." *Fernandez–Ruiz v. Gonzales,* 410 F.3d 585, 587 (9th Cir.2005). This amendment to 8 U.S.C. § 1252 has retroactive effect. *Id.,* at 587. Accordingly, we have jurisdiction to consider whether, as a matter of law, Rascon's convictions were a proper basis for denying her requests for adjustment of status and cancellation of removal.

The Government argues that Rascon's failure to file a petition for review of the removal order limits our jurisdiction to review of the BIA's decision to deny her motion to reconsider. We agree. *See Ma v. Ashcroft,* 361 F.3d 553, 557–58 (9th Cir. 2004).

## III.

"A petitioner's motion to reconsider must identify a legal or factual error in the

BIA's prior decision." *Id.* at 558. Rascon argues that the BIA erred in determining that she failed to qualify for the benefits of the First Offender Act. "We review the legal determinations of the BIA *de novo.*" *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir.2002).

If a state law conviction would have qualified for First Offender Act treatment had it been prosecuted under federal law, it does not constitute a conviction for immigration purposes. *See Lujan–Armendariz v. INS,* 222 F.3d 728, 749–50 (9th Cir.2000). To qualify for First Offender Act treatment, the alien must show the following:

(1) [she] has been found guilty of simple possession of a controlled substance, an offense described in section 21 U.S.C. § 844;

(2) [she] has not, prior to the commission of such offense, been convicted of violating a federal or state law relating to controlled substances;

(3) [she] has not previously been accorded first offender treatment under any law; and

(4) the court has entered an order pursuant to a state rehabilitative statute under which the criminal proceedings have been deferred pending successful completion of probation or the proceedings have been or will be dismissed after probation.

*Cardenas–Uriarte v. INS,* 227 F.3d 1132, 1136 (9th Cir.2000).

The first requirement references 21 U.S.C. § 844, which describes the simple possession offense: "It shall be unlawful for any person knowingly or intentionally to possess a controlled substance...." 21 U.S.C. § 844(a). In her brief to the court, Rascon admits she was never convicted for simple possession but implies that her convictions fall within the ambit of the First Offender Act because they are misdemean-

or offenses. *See* Pet'r Br. at 10. Her convictions under section 11550(a) of the California Health & Safety Code are indeed for misdemeanor offenses. *See* Cal. Health & Safety Code § 11550(a) (providing that a person who uses or is under the influence of covered controlled substances "is guilty of a misdemeanor and shall be sentenced to serve a term of not less than 90 days or more than one year in a county jail"). Rascon cites no authority, however, for the proposition that the First Offender Act encompasses a controlled substance offense merely on the basis of its designation as a misdemeanor.

In *Cardenas–Uriarte,* we included in the First Offender Act a state drug paraphernalia offense not described by the plain language of 21 U.S.C. § 844 because it was a lesser included offense of simple possession and, consequently, failure to include it would have led to an absurd result and frustrated Congressional intent. 227 F.3d at 1137. The petitioner in that case was originally charged with two counts of possession under Arizona law but "pled guilty to the lesser offense of possession of drug paraphernalia." *Id.* (citations omitted). An absurd result would have obtained if the petitioner had not received First Offender Act treatment for his drug paraphernalia offense, because if he "had refused to plead guilty [to possession of drug paraphernalia], and was convicted of the more damaging offense of possession of the drugs, he could qualify under the [First Offender Act]." *Id.*

Here, no potential absurdity inhibits us from construing the First Offender Act according to its plain meaning. The record does not indicate—and Rascon does not assert—that she was charged with simple possession but pled to using or being under the influence of a controlled substance as a lesser offense. Moreover, exclusion of Rascon's state convictions is

not contrary to congressional intent. The First Offender Act is directed at "first-time drug offenders who commit the least serious type of drug offense." *Id.* (quoting *Lujan–Armendariz,* 222 F.3d at 734–35). Rascon is not a first-time offender; she has at least three convictions. Accordingly, there is no reason to deviate from the First Offender Act's plain language, which excludes convictions for offenses not described by 21 U.S.C. § 844.

Because Rascon's criminal history renders her ineligible for the benefits of the First Offender Act, her convictions are a valid basis for denying relief from removal.

**Petition for review DENIED.**