**Jesus Ramon CARDENAS–URIARTE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 97–70692.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 25, 2000

Filed Sept. 20, 2000

Anthony W. Norwood, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: FLETCHER, HAWKINS, and THOMAS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

Jesus Ramon Cardenas–Uriarte ("Cardenas") petitions for review of the Board of Immigration Appeals' ("BIA's") determination that he is deportable under section 212(a)(2)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(2)(B), and ineligible for a waiver of deportation under section 212(c) of the INA, 8 U.S.C. § 1182(c) (repealed in 1996), by virtue of recent amendments to the immigration laws. The government counters that we lack jurisdiction under section 309(c)(4)(G) of the Illegal Immigrant Reform and Immigration Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended,* Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996).

## BACKGROUND

Cardenas entered the United States from Mexico without inspection in 1985. In 1990, he was made a permanent lawful resident through the Special Agricultural Workers Program. On June 4, 1991, he pled no contest to a charge of possession of drug paraphernalia under Arizona law.

On February 19, 1992, the INS issued an order to show cause, charging Cardenas with deportability under section 241(a)(2)(B)(i) of the INA, 8 U.S.C. § 1251(a)(2)(B)(i) (now codified at 8 U.S.C. § 1227(a)(2)(B)(i)), for having committed a crime relating to a controlled substance. On December 12, 1992, the Immigration Judge ("IJ") found him deportable.

Michael Franquinha (argued) and Wendy S. LeStarge, Stender & Larkin, Phoenix, Arizona, for the petitioner.

Cardenas timely appealed the IJ's decision. On January 3, 1996, while his appeal was pending, Cardenas filed a motion to reconsider and remand to the BIA because his conviction had been expunged and he had been in the United States long enough to qualify for a waiver of deportation under section 212(c) of the INA. On May 15, 1997, the BIA denied his motion, finding that the IJ had correctly determined deportability, that his expungement did not qualify under *Matter of Manrique*, Int. Dec. 3250, 1995 WL 314732 (BIA 1995), and that he was ineligible for relief under section 212(c) by virtue of section 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996).

Cardenas timely appealed the BIA's decision, arguing that he is eligible for relief under section 212(c) because section 440(d) of AEDPA violates equal protection and should not be applied retroactively. The government contends that IIRIRA § 309(c)(4)(G) deprives us of jurisdiction to hear his appeal.

IIRIRA § 309(c)(4)(G) would deprive us of jurisdiction to review, on direct appeal, Cardenas's challenge to the BIA's application of section 440(d) if Cardenas committed a deportable offense described in section 309(c)(4)(G).[1] *See Magana–Pizano v. INS*, 200 F.3d 603, 613–14 (9th Cir.1999) (holding that IIRIRA does not deprive us of jurisdiction over an alien's habeas petition even if section 309(c)(4)(G) deprives us of jurisdiction on direct review). We retain jurisdiction, however, to determine

whether Cardenas has committed a deportable offense described in section 309(c)(4)(G). *See Aragon–Ayon v. INS*, 206 F.3d 847, 849 (9th Cir.2000); *Corona-do–Durazo v. INS*, 123 F.3d 1322, 1323 (9th Cir.1997).

## DISCUSSION

IIRIRA § 309(c)(4)(G) provides in pertinent part that "there shall be no appeal permitted in the case of an alien who is ... deportable by reason·of having committed an offense covered in ... section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act...." Section 241(a)(2)(B)(i) refers to aliens convicted of a "violation of (or a conspiracy or attempt to violate) any law or regulation ... relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i).

■ Cardenas argues that we have jurisdiction over the merits of his appeal because his conviction under Arizona law for possession of drug paraphernalia was not for a crime "relating to a controlled substance." His argument is foreclosed, however, by our recent decision in *Luu–Le v. INS*, 224 F.3d 911, 916 (9th Cir.2000), where we held that a conviction for possession of drug paraphernalia under Ariz. Rev.Stat. § 13–3415.A is a crime relating to a controlled substance within the meaning of section 241(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i).[2] Nevertheless,

---

1. Section 309(c)(4)(G) is part of IIRIRA's transitional rules. It applies here because Cardenas was placed into deportation proceedings prior to April 1, 1997, and a final order of deportation was entered after October 30, 1996. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

2. Cardenas also argues that he was initially charged with possession of cocaine and marijuana and that he pled guilty to possession of drug paraphernalia as a lesser offense. He claims that the drug paraphernalia correlated with the marijuana and in fact he was found with less than 30 grams of marijuana. He

argues that under the statute, therefore, he fits into the exception in section 241(a)(2)(B)(i) for personal use. Generally, however, we do not look at the facts underlying the conviction; rather, we examine the actual law under which a defendant was convicted to determine whether the law relates to controlled substances. *See Coronado–Durazo v. INS*, 123 F.3d 1322, 1325 (9th Cir.1997); *see also Maghsoudi v. INS*, 181 F.3d 8, 14 (1st Cir.1999) ("The inherent nature of the crime of conviction, as defined in the criminal statute, is relevant in this determination; the particular circumstances of [the respondent's] acts and convictions are not.").

we conclude that Cardenas may not have committed a deportable offense because his underlying conviction may have been expunged under *Matter of Manrique,* 1995 WL 314732.[3] Accordingly, we remand to the BIA for a determination of whether Cardenas's expungement qualifies under *Manrique.*

In *Matter of Manrique,* 1995 WL 314732, the BIA held that an alien is not deportable if he can establish that he would have been eligible for first offender treatment under federal law, 18 U.S.C. § 3607(a) (1988).[4] If Cardenas would have been eligible for first offender treatment under federal law, he would not stand "convicted" for purposes of the immigration laws. Therefore, his appeal would not fall within section 309(c)(4)(G)'s bar to our jurisdiction and he would not be deportable as charged in the order to show cause.

■ To qualify for first offender treatment under federal law, a person must show that (1) he has been found guilty of simple possession of a controlled substance, an offense described in section 21 U.S.C. § 844; (2) he has not, prior to the commission of such offense, been convicted of violating a federal or state law relating to controlled substances; (3) he has not previously been accorded first offender treatment under any law; and (4) the court has entered an order pursuant to a state rehabilitative statute under which the criminal proceedings have been deferred pending successful completion of probation or the proceedings have been or will be dismissed after probation. *Manrique,* 1995 WL 314732.

■ In his *motion to reconsider* and remand to the BIA, Cardenas claimed that he is a first time offender, he pled guilty to

simple possession, he had never been accorded first offender treatment under any law, and the proceedings against him were dismissed. The BIA found Cardenas ineligible for relief because he did not show that "criminal proceedings have been deferred pending successful completion of probation." The record, however, shows that the criminal proceeding against Cardenas was deferred and that the proceeding was in fact eventually dismissed. Therefore, Cardenas's expungement meets the fourth prong of the *Manrique* test, and the BIA erred in concluding otherwise. In addition, the second prong is also clearly satisfied because, as Cardenas's pre-sentence report makes clear, he has no prior criminal record. It is less clear, however, whether Cardenas can prove the remaining two elements under *Manrique.*

1. Simple Possession of a Controlled Substance

■ While Cardenas correctly notes that he pled guilty to "simple possession," his guilty plea was for possession of drug paraphernalia, not simple possession of a controlled substance. The Federal First Offender Act requires a plea or conviction of possession of a controlled substance, as described in 21 U.S.C. § 844. *See United States v. Barial,* 31 F.3d 216, 216 (4th Cir.1994) (first offender treatment under section 3607 is available to those found guilty of an offense described in section 844 even if the conviction is not under section 844). Section 844 provides that it is "unlawful to possess a controlled substance." A controlled substance is defined as "a drug or other substance, or immediate precursor, included in [section 812]."

---

**3.** We address the issue of expungement under *Manrique* even though it appears to have been waived by Cardenas, as it relates to our subject matter jurisdiction. *See, e.g., Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (subject matter jurisdiction cannot be waived); *DeSaracho v. Custom Food Machinery, Inc.,* 206 F.3d 874, 878 n. 4 (9th Cir. 2000).

**4.** In *Lujan–Armendariz v. INS,* 222 F.3d 728 (9th Cir.2000), we held that if an alien would have qualified for first offender treatment under federal law prior to the 1996 amendments to the immigration laws, he can still qualify for first offender treatment after the passage of those laws. In other words, *Matter of Manrique* survives AEDPA and IIRIRA.

21 U.S.C. § 802. Drug paraphernalia is not included in section 812.

■■■ The plain language of the statute suggests that possession of drug paraphernalia should not be included as an offense described in section 844. "[U]nder the established approach to statutory interpretation, we rely on plain language in the first instance, but always look to legislative history in order to determine whether there is a clear indication of contrary intent." *Coronado–Durazo*, 123 F.3d at 1325 (quoting *Flores–Arellano v. INS*, 5 F.3d 360, 363 (9th Cir.1993) (Reinhardt, J. specially concurring)); *see INS v. Cardoza–Fonseca*, 480 U.S. 421, 433 n. 12, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). We adhere to plain meaning "unless that meaning would lead to absurd results." *Reno v. National Transp. Safety Bd.*, 45 F.3d 1375, 1379 (9th Cir.1995) (citing *Dyer v. United States*, 832 F.2d 1062, 1066 (9th Cir.1987)). Under these circumstances, concluding that possession of drug paraphernalia is not included in the First Offender Act would frustrate congressional intent and lead to an absurd result.

Cardenas was originally charged with two counts of possession of drugs; one count for a "white powdery substance" and the other for marijuana. He pled guilty to the lesser offense of possession of drug paraphernalia. We can be sure that possession of drug paraphernalia is a lesser offense because it would be a misdemeanor once probation was successfully completed while possession of the drugs would have been a felony. *See* Ariz.Rev.Stat. § 13–3415 (drug paraphernalia is an undesignated offense); Ariz.Rev.Stat. §§ 13–3405, 13–3408. It would be an absurd result if we refused to allow Cardenas's plea to possession of drug paraphernalia to qualify under the First Offender Act because if Cardenas had refused to plead guilty, and

was convicted of the more damaging offense of possession of the drugs, he could qualify under the Act.

■■■ We have noted that the "[t]he First Offender Act is a limited federal rehabilitation statute that permits first-time drug offenders who commit the least serious type of drug offense to avoid the drastic consequences which typically follow a finding of guilt in drug cases." *Lujan–Armendariz*, 222 F.3d at 734–35. Congressional intent is further reflected in a statement by Representative Rogers:

> [t]his legislation [does] not seek, I believe, to make felons of our young men and women who come into contact with drugs on a first occasion, but nor should we condone such action, and surely we must not encourage its repetition.... If at the end of the period of probation the offender has not violated the conditions of probation, the proceedings against him may be dismissed without a court adjudication of guilt.

116 Cong. Rec. 33304 (September 23, 1970); *see also* Christopher Serkin, Note, The Offense: Interpreting the Indictment Requirement in 21 U.S.C. § 851, 98 Mich. L. Rev. 827, 844 (1999) (discussing legislative history for juvenile offenders). Congress intended to allow those convicted of the least serious type of drug offenses to qualify under the Act. Congress would never have considered including possession of drug paraphernalia under this statute because no federal statute covers the crime of possession of drug paraphernalia.[5] Where possession of drug paraphernalia is a less serious offense than simple possession of a controlled substance, therefore, congressional intent indicates that it should be included under the Act.[6] Accordingly, we conclude that Cardenas was convicted of an offense described in 21 U.S.C.

---

**5.** 21 U.S.C. § 863 criminalizes the sale, use of mail to transport, import or export of drug paraphernalia.

**6.** We limit our holding to the facts of this case. While we can infer congressional intent to include in the Act the circumstances of this

conviction, we can also imagine crime for possession of drug paraphernalia that Congress may consider more serious than simple possession of a controlled substance, if, for example, a defendant were found in possession of the ingredients and machinery to create methamphetamine.

§ 844, thereby satisfying the first prong of the *Manrique* test.

### 2. First Offender Treatment Under Any Law

For Cardenas to qualify under the Federal First Offender Act, he cannot have been accorded first offender treatment under any law. The Arizona statute under which Cardenas's conviction was expunged, Ariz.Rev.Stat. § 13–907, does not limit expungements under the statute to first time offenders. It does, however, provide that convictions under the statute may be used as a conviction "in any subsequent prosecution of such person by the state or any of its subdivisions for any offense. . . ." *Id.* Because Cardenas's presentence report does not list any prior convictions, we can be sure that Cardenas had no other conviction that was expunged under this Arizona statute. We cannot be sure, however, that Cardenas was never convicted of an offense relating to controlled substances that was expunged in another state. It is possible that another state's law allows expungement of convictions such that they would not appear in the pre-sentence report. We must therefore remand to the BIA to determine whether, prior to this offense, Cardenas had been accorded first time offender treatment under any law. If he has not, then he is not deportable as charged in the order to show cause. If he has, then his conviction under Arizona law qualifies as a deportable offense.[7]

Finally, we note that IIRIRA § 309(c)(4)(B)'s bar on ordering the taking of additional information under 28 U.S.C. § 2347 is not relevant here. Section 2347 concerns a party's appeal to our court to adduce additional evidence, for example, where new evidence about a well-founded fear of persecution is discovered. *See Ghaly v. INS*, 58 F.3d 1425, 1431–32 (9th Cir.1995) (declining to consider N.Y. Times article and evidence that petitioner qualifies for suspension of deportation); *Ra-*

*mirez–Gonzalez v. INS*, 695 F.2d 1208, 1213 n. 2 (9th Cir.1983) (declining to consider Amnesty International Report, U.S. State Department Advisory, and periodical articles concerning political turmoil in Guatemala). *Cf. Altawil v. INS*, 179 F.3d 791, 792 (9th Cir.1999) (relying on section 309(c)(4)(B) to deny petitioner's request to adduce additional evidence). Here, the additional evidence is necessary to the determination of our subject matter jurisdiction. It does not fall under the prohibition of section 309(c)(4)(B).

REVERSED and REMANDED WITH INSTRUCTIONS to the BIA to proceed in a manner consistent with this opinion.

---

**7.** If on remand, the BIA concludes that Cardenas is deportable as charged in the order to show cause, we would have jurisdiction

to decide a challenge to section 440(d) on habeas review. *See Magana–Pizano,* 200 F.3d at 607.