**Katarzyna Maria WLOSTOWSKA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–71554.

INS No. A72–992–979.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Katarzyna Maria Wlostowska, a native and citizen of Poland, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), affirming the immigration judge's order denying as untimely her motion to reopen to apply for adjustment of status. Because the transitional rules apply, see *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc), we have jurisdiction under 8 U.S.C. § 1105a(a). We review the denial of motions to reopen for abuse of discretion, and legal issues de novo. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We grant the petition for review.

Wlostowska contends that the BIA erred by failing to equitably toll the time period for filing a motion to reopen based on the misconduct of Wlostowska's two prior attorneys and their legal assistants. We agree.

The time period for filing Wlostowska's motion to reopen should be tolled until she became aware of the harm resulting from the misconduct of her legal representa-

tives. See *Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir.2002) (holding that the limitation period on motions to reopen was tolled until petitioner retained new counsel and became aware of the harm resulting from the deceptive actions of her immigration consultants); *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir.1999) (tolling time period based on fraudulent representations made by notary posing as an attorney); see also *Rodriguez–Lariz*, 282 F.3d at 1224–25 (granting equitable tolling of the numerical limitation on motions based on misconduct of counsel); *Varela v. INS*, 204 F.3d 1237, 1239–40 (9th Cir.2000) (granting tolling of the numerical limitation based on fraudulent conduct of immigration consultant). Because it is not clear from the record when Wlostowska retained new counsel and became aware of the harm caused by her prior legal representatives, we remand to the BIA for a determination of whether Wlostowska filed her motion to reopen within 180 days of becoming aware of the harm. See *Socop–Gonzalez*, 272 F.3d at 1196; *Cardenas–Uriarte v. INS*, 227 F.3d 1132, 1138 (9th Cir.2000) (noting that the bar on taking additional evidence does not apply where additional information is necessary to determine jurisdiction).

If, taking tolling into account, Wlostowska shows that her motion to reopen was timely, the BIA must determine, in light of the above precedent, whether the misconduct of her legal representatives constitutes "exceptional circumstances" warranting reopening of her proceedings. See *Fajardo*, 300 F.3d at 1022 and n. 8; *Rodriguez–Lariz*, 282 F.3d at 1226–27.

PETITION GRANTED, REVERSED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.