**Voskan GALSTIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–73394.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.\*\*

Decided May 20, 2003.

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Voskan Galstian, a native of Iran and citizen of Armenia, petitions for review of the order of the Board of Immigration Appeals ("BIA") denying as untimely his motion to reopen. Because the transitional rules apply, we have jurisdiction under 8 U.S.C. § 1105a(a). *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). We review the denial of a motion to reopen for an abuse of discretion, and legal issues de novo. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We grant the petition.

Galstian contends that the BIA should have equitably tolled the deadline for filing a motion to reopen due to the misconduct of his prior attorneys and legal representative. We remand for further evidence and findings on the issue of whether Galstian's former attorneys engaged in fraudulent or deceptive conduct that would trigger equitable tolling. *See Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir.2003) (noting that equitable tolling is available in cases of deception, fraud or error); *see also Cardenas-Uriarte v. INS*, 227 F.3d 1132, 1138 (9th Cir.2000) (noting that the bar on taking additional evidence does not apply where additional information is necessary to determine jurisdiction). Because it is not clear from the record when Galstian retained new counsel and became aware of the harm caused by his prior legal representatives, the BIA shall also determine whether Galstian filed his motion to reopen within 90 days of becoming aware of the harm. *See Fajardo v. INS*, 300 F.3d 1018, 1022 (9th Cir.2002) (holding that the limitation period on motions to reopen was tolled until petitioner retained new counsel and became aware of the harm resulting from the deceptive actions of her immigration consultants).

If, taking tolling into account, Galstian shows that his motion to reopen was timely, the BIA must determine, in light of the above precedent, whether reopening is warranted based on the ineffective assistance of prior counsel. *See Iturribarria*, 321 F.3d at 899-902.

**PETITION GRANTED, REVERSED and REMANDED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

