**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUAN JOSE JIMENEZ RICE,
                              *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,
                              *Respondent.*

No. 05-74297

Agency No.
A077-855-635

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2010*
San Francisco, California

Filed February 26, 2010

Before: John T. Noonan, Marsha S. Berzon and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Berzon;
Concurrence by Judge Ikuta

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Nathan M. Zaslow, San Francisco, California, for the petitioner.

Peter D. Keisler, David V. Bernal, and Jamie M. Dowd, U.S. Department of Justice, Washington, D.C., for the Attorney General.

## OPINION

BERZON, Circuit Judge:

We must decide whether first-time offenders convicted of using or being under the influence of a controlled substance pursuant to Cal. Health & Safety Code § 11550, where such offenders are subsequently granted relief under Cal. Penal Code § 1203.4, are eligible for the same immigration treatment as those convicted of simple drug possession whose convictions are expunged under the Federal First Offender Act (FFOA). We hold that they are.

## FACTUAL AND PROCEDURAL BACKGROUND

Juan Jose Jimenez Rice is a national and citizen of Mexico. He entered the United States as a visitor on January 19, 1987, with permission to stay until July 18, 1987. He never left. He has two U.S. citizen children, a 22-year-old daughter and an 18-year-old son.

On September 20, 1999, the former Immigration and Naturalization Service (INS) issued Jimenez a Notice to Appear, charging that he was unlawfully present in the United States and therefore removable. His first removal hearing, in October 1999, was continued so that he could apply for cancellation of removal.

In June 2001, Jimenez was charged in a single complaint with two drug offenses: one felony count of possession of cocaine in violation of Cal. Health & Safety Code § 11350(a) and one misdemeanor count of using or being under the influ-

ence of a stimulant in violation of Cal. Health & Safety Code § 11550. He pleaded nolo contendere and was convicted of both offenses on November 29, 2001. The Superior Court suspended imposition of sentence and admitted him to three years of supervised probation. In June 2003, the court issued a single order under Cal. Penal Code § 1203.4 terminating Jimenez's probation under Cal. Penal Code § 1203.3, setting aside his pleas of nolo contendere, entering pleas of not guilty, dismissing the complaint, and releasing him from specified penalties and disabilities resulting from the offenses.

The INS moved to pretermit Jimenez's application for cancellation of removal, asserting, among other things, that the convictions would prevent him from establishing the requisite good moral character. In a May 2004 hearing, the Immigration Judge (IJ) held that Jimenez was statutorily ineligible for cancellation of removal because he could not satisfy the good moral character requirements, specifically section 101(f)(3) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(f)(3), because he had been convicted of violating a controlled substance law as defined in INA § 212(a)(2)(A), 8 U.S.C. § 1182(a)(2)(A).

The Board of Immigration Appeals (BIA) conducted a de novo review and dismissed Jimenez's appeal. It held, first, that he would not have been eligible for relief under the Federal First Offender Act (FFOA), 18 U.S.C. § 3607, for the offense of being under the influence of a controlled substance because the FFOA applies only to simple possession offenses. Thus, that conviction was still valid for immigration purposes, even though he received relief under Cal. Penal Code § 1203.4. Second, the BIA held that "expunged convictions can be used in assessing an alien's good moral character because the facts underlying expunged convictions are relevant in the context of good moral character determinations." Jimenez timely petitioned for review with this court.

## ANALYSIS

This court has jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the BIA's determination that a controlled substance conviction precludes immigration relief as a matter of law. *See Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir. 2009).

Where, as here, the BIA conducted a de novo review of the IJ's decision, we review only the decision of the BIA. *See Romero v. Holder*, 568 F.3d 1054, 1059 (9th Cir. 2009). The BIA's conclusions of law are reviewed de novo. *Id.* Review is limited to the actual grounds relied upon by the BIA. *See Ramirez-Altamirano*, 563 F.3d at 804. If the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case. *Id.*

**[1]** A nonpermanent resident seeking cancellation of removal must meet four threshold requirements. INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). He must:

> (A) [have] been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) [have] been a person of good moral character during such period;
>
> (C) [not have] been convicted of an offense under [8 U.S.C. § ] 1182(a)(2), 1227(a)(2), or 1227(a)(3) . . . , subject to [certain exceptions for victims of domestic violence]; and
>
> (D) establish[ ] that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the

United States or an alien lawfully admitted for permanent residence.

*Id.* A person cannot be found to have good moral character if, among other things, he is "convicted of, or . . . admits having committed, or . . . admits committing acts which constitute the essential elements of . . . a violation of . . . any law or regulation of a State . . . relating to a controlled substance," INA § 212(a)(2)(A)(i), 8 U.S.C. § 1182(a)(2)(A)(i), as long as the offense was committed "during the period for which good moral character is required to be established," INA § 101(f)(3), 8 U.S.C. § 1101(f)(3).

**[2]** "[A]s a general rule, an expunged conviction qualifies as a conviction under the INA." *De Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1024 (9th Cir. 2007) (quoting *Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002)). The Federal First Offender Act (FFOA), 18 U.S.C. § 3607, creates an exception to the rule. The FFOA:

> allows persons who have never previously violated the narcotics laws and are found guilty of first time simple drug possession to have the charges dismissed without entry of a conviction, provided that the judge deems them suitable for such treatment. The law applies to citizens and aliens alike, and allows those who benefit from it to avoid having their offenses used against them for any purpose.

*De Jesus Melendez*, 503 F.3d at 1024 (quoting *Lujan-Armendariz v. INS*, 222 F.3d 728, 737 (9th Cir. 2000)).[1]

---

[1]In relevant part, the FFOA provides:

  (a) . . . If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844) —

    (1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and

"Given that the FFOA provides immigration relief for first-time defendants found guilty of drug possession in federal court," *Ramirez-Altamirano*, 563 F.3d at 806, we have held "as a matter of constitutional equal protection, that the benefits of the Act [must] be extended to aliens whose offenses are expunged under state rehabilitative laws, provided that they would have been eligible for relief under the Act had their offenses been prosecuted as federal crimes." *Lujan-Armendariz*, 222 F.3d at 749 (citing *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 811-12 (9th Cir. 1994); *Garberding v. INS*, 30 F.3d 1187, 1191 (9th Cir. 1994)).

[3] Further, although the plain language of the FFOA applies only to offenses described in 21 U.S.C. § 844, which provides that it is "unlawful . . . to possess a controlled substance," we have held that the FFOA can be applicable to a drug offense less serious than simple possession, possession of drug paraphernalia. *See Cardenas-Uriarte v. INS*, 227 F.3d 1132, 1137 (9th Cir. 2000). Noting that Congress intended the FFOA to "permit[ ] first-time drug offenders who commit the least serious type of drug offense to avoid the drastic consequences which typically follow a finding of guilt in drug

---

(2) has not previously been the subject of a disposition under this subsection;

the court may . . . place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. . . .

(b) . . . A disposition under subsection (a) . . . shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.

18 U.S.C. § 3607. Section 404 of the Controlled Substances Act criminalizes only simple possession of a controlled substance. 21 U.S.C. § 844(a).

cases," *id.* (quoting *Lujan-Armendariz*, 222 F.3d at 734-35), we determined that Congress "had no need to include possession of drug paraphernalia explicitly under the FFOA because no federal statute made such possession a crime." *Ramirez-Altamirano*, 563 F.3d at 808. At least in the circumstances of Cardenas's case, we concluded, possession of drug paraphernalia was a "lesser offense" than simple possession of a controlled substance, so "congressional intent indicates that it should be included under the Act." *Cardenas-Uriarte*, 227 F.3d at 1137. Our cases thus establish that a state conviction cannot be used for immigration purposes if the alien can show that "(1) the conviction was his first offense; (2) he had not previously been accorded first offender treatment; (3) his conviction was for possession of drugs, *or an equivalent or lesser charge* such as possession of drug paraphernalia, . . . ; and (4) he received relief under a state rehabilitative statute." *Ramirez-Altamirano*, 563 F.3d at 812 (internal citation omitted) (emphasis added).

**[4]** We see no relevant distinction for present purposes between the offenses of possession of drug paraphernalia and using or being under the influence of a controlled substance, as both are generally less serious than simple possession. As with possession of drug paraphernalia, "Congress would never have considered including" under the FFOA the offense of using or being under the influence of a controlled substance, because no federal statute covers that crime. *Cardenas-Uriarte*, 227 F.3d at 1137; *see* 21 U.S.C. §§ 841-865. Here, as in *Cardenas-Uriarte*, "[w]e can be sure that [using or being under the influence of a controlled substance] is a lesser offense because it [is] a misdemeanor . . . while possession of [cocaine is] a felony." *Cardenas-Uriarte*, 227 F.3d at 1137; *see* Cal. Health & Safety Code §§ 11350(a), 11550. Moreover, we have observed in other cases that "use of drugs has generally been considered a less serious crime than possession." *Medina v. Ashcroft*, 393 F.3d 1063, 1066 (9th Cir. 2005) (internal quotation omitted). We therefore hold that persons convicted of using or being under the influ-

ence of a controlled substance, where that offense is less serious than simple drug possession, are eligible for the same immigration treatment as those convicted of drug possession under the FFOA.

We decline to address here the government's contention that Jimenez would not have been eligible for relief under the FFOA because he was convicted of two drug offenses on November 29, 1999. The BIA's decision was not premised on that circumstance, and it was asserted here for the first time in a letter filed with this court pursuant to Federal Rule of Appellate Procedure 28(j). *See Ramirez-Altamirano*, 563 F.3d at 804 (holding that this court's "review is limited to the actual grounds relied upon by the BIA"); *Medina-Morales v. Ashcroft*, 371 F.3d 520, 527 n.6 (9th Cir. 2004) (concluding that the government had waived an argument made for the first time in a 28(j) letter).

The BIA also held that "expunged convictions can be used in assessing an alien's good moral character because the facts underlying expunged convictions are relevant in the context of good moral character determinations." It is unclear whether this second holding was in the alternative, in the event that the FFOA does cover Jimenez's convictions, or whether it addresses only convictions expunged under state law but not eligible for FFOA relief. Under the latter interpretation, the BIA's second holding is correct, *see Ramirez-Castro*, 287 F.3d at 1175, but this holding would be irrelevant were the BIA to determine on remand that Jimenez's simultaneous convictions are both eligible for relief under *Lujan-Armendariz*.

If, on the other hand, the BIA's holding refers to expunged convictions that would be eligible for relief under the FFOA, then the holding is erroneous. We have recently held that "the facts underlying a conviction that would have been eligible for relief under the FFOA, but was expunged under a state rehabilitative statute, cannot serve as an 'admission' of a drug

offense, statutorily barring a finding of good moral character under 8 U.S.C. § 1101(f)(3)." *Romero*, 568 F.3d at 1062. That is so because "under the FFOA, 'the finding of guilt is expunged and *no legal consequences* may be imposed as a result of the defendant's having committed the offense. The [FFOA's] ameliorative provisions apply for *all* purposes.' " *Id.* at 1060 (quoting *Lujan-Armendariz*, 222 F.3d at 735) (brackets in *Romero*). If Jimenez's simultaneous convictions qualify for relief under *Lujan-Armendariz*, then they cannot serve as a bar to his proving good moral character.

## CONCLUSION

**[5]** Jimenez's state conviction for using or being under the influence of a controlled substance, which has been expunged, does not bar his relief under *Lujan-Armendariz*. As the BIA erred in holding otherwise, we grant the petition and remand to the BIA.

PETITION GRANTED; REMANDED for further proceedings.

---

IKUTA, Circuit Judge, concurring:

Though Congress determined that an alien who is found guilty and subject to some form of penalty ordered by the court is considered to have a "conviction" for purposes of immigration law, 8 U.S.C. § 1101(a)(48)(A), our cases have all but written this requirement out of the INA. Beginning in *Lujan-Armendariz v. INS*, we reached the erroneous conclusion that the Equal Protection Clause required us to hold that an alien did not have a "conviction" for immigration purposes if: (1) the alien was "adjudged guilty" of a state crime that was expunged under state law; and (2) the alien would have qualified for expungement under the Federal First Offender Act (FFOA) if adjudged guilty of an identical federal crime.

*See* 222 F.3d 728, 749-50 (9th Cir. 2000). As every other circuit to consider this issue has noted, this equal protection analysis is meritless. *See Ramirez-Altamirano v. Holder*, 563 F.3d 800, 816-17 (9th Cir. 2009) (Ikuta, J., dissenting) (collecting cases).

From this dubious starting point, we have step by step traveled further afield from any reasonable interpretation of the INA, holding that an alien does not have a conviction for immigration purposes even if the alien would not have qualified for expungement under the FFOA, *see Cardenas-Uriarte v. INS*, 227 F.3d 1132, 1137-38 (9th Cir. 2000), or has not received state law relief equivalent to expungement under the FFOA, *see Ramirez-Altamirano*, 563 F.3d at 812. Indeed, our treatment of state relief statutes does not even track state law: Under our case law, though the *state* can rely on the facts of an expunged state law conviction in subsequent prosecutions, *see* Cal. Penal Code § 1203.4(a), we forbid the BIA to rely on the expunged state law conviction for *any* purpose, *see Romero v. Holder*, 568 F.3d 1054, 1061-62 (9th Cir. 2009).

Today, compelled by these precedents, we extend this judge-made edifice even further, holding that the BIA may not consider for any purpose a state crime (using or being under the influence of a controlled substance in violation of California Health & Safety Code section 11550) that neither qualifies for FFOA treatment nor received state law relief equivalent to that under the FFOA. In reaching this conclusion, we again overrule the BIA's determination that such convictions should retain immigration consequences under the INA, even though: (1) we owe deference to the BIA's interpretation that the state conviction has immigration consequences under the INA, *see INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999); (2) Congress has expressly amended the INA to define "conviction" in a manner that includes expunged state convictions, *see* 8 U.S.C. § 1101(a)(48)(A); and (3) the Supreme Court has informed us that Congress may "allow[ ] benefits to some aliens but not to others," *Mathews*

*v. Diaz*, 426 U.S. 67, 80 (1976), and that such delineations "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification," *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993).

Our case law compels me to join the majority. I lament, however, that we have drifted so far off the path counseled by Congress, the Supreme Court, and our sister circuits. The creeping expansion of federal common law in this area calls out for us to revisit and correct this questionable line of precedent.