Per Curiam Opinion: Concurrence by Judge GRABER.
PER CURIAM:
Petitioner Flavio Nunez-Reyes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA’s”) decision denying his application for cancellation of removal. We grant the petition and remand for further proceedings.
Nunez-Reyes entered the United States in 1992. In 2001, he was charged in state court with one felony count of possession of methamphetamine, in violation of California Health and Safety Code section 11377(a), and one misdemeanor count of being under the influence of methamphetamine, in violation of California Health and Safety Code section 11550(a). He pleaded guilty to both counts, but the state court eventually dismissed the charges under California Penal Code section 1210.1. Under that provision, the state court “shall ... set aside [the conviction] and ... dismiss the indictment” if the defendant successfully completes probation and other conditions are met. Id. § 1210.1(e)(1). “[E]xcept as provided [in other subsections], both the arrest and the conviction shall be deemed never to have occurred.” Id.
In early 2002, the federal government issued a notice to appear, charging Nunez-Reyes as removable. Nunez-Reyes conceded removability but applied for adjustment of status due to his marriage to a United States citizen and cancellation of removal. After a series of hearings, the immigration judge (“U”) denied all forms of relief and ordered Nunez-Reyes removed. The IJ held that the state convictions rendered Nunez-Reyes ineligible for any form of relief, regardless of whether the convictions had been dismissed.
On appeal, the BIA affirmed the IJ’s decision. The BIA held that Nunez-Reyes’ conviction for being under the influence of methamphetamine was a “conviction” for purposes of the immigration laws, and was “not one for which federal first offender treatment would be available.” The BIA explained that the Federal First Offender Act (“FFOA”), 18 U.S.C. § 3607, “applies only to simple possession offenses described in 21 U.S.C. § 844.” While recognizing that the Ninth Circuit has applied FFOA treatment to convictions for “lesser” offenses, the BIA reasoned that this expanded FFOA treatment applied only when the defendant had pleaded down from a charge explicitly covered by the FFOA, which Nunez-Reyes had not done. Further, the BIA found that the crime of being under the influence of a particular drug was not a lesser offense than simple possession. Because Nunez-Reyes’ conviction would not have been eligible for FFOA treatment, the BIA explained, the expungement under California law did not erase the conviction for immigration purposes. Thus, the BIA held, Nunez-Reyes remained convicted of the controlled substance offense and could not demonstrate eligibility for cancellation of removal.
We review de novo the BIA’s legal determinations. Ramirez-Altamirano v. Holder, 563 F.3d 800, 804 (9th Cir.2009). "We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the BIA’s determination that a controlled substance conviction precludes immigration relief as a matter of law.” Id. “Our review is limited to the actual grounds relied upon by the BIA.” Id. If the BIA’s decision cannot be *1104 sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case. Id.
In general, the FFOA permits federal courts to expunge a federal conviction for simple possession of drugs if the defendant has not previously been subject to an FFOA expungement and successfully completes up to one year of probation. 18 U.S.C. § 3607. The FFOA mandates that a successfully expunged conviction “shall not be considered a conviction for the purpose of a disqualification or a disability imposed by law upon conviction of a crime, or for any other purpose.” Id. § 3607(b). Interpreting that provision, we have held that an alien has not been “convicted” if his or her federal conviction had been expunged under the provisions of the FFOA and that equal protection requires us to treat the expungement of a state conviction for simple possession in the same manner. Lujan-Armendariz v. INS, 222 F.3d 728, 734-49 (9th Cir.2000); Garberding v. INS, 30 F.3d 1187, 1190 (9th Cir.1994). We applied this logic in Cardenas-Uriarte v. INS, 227 F.3d 1132 (9th Cir.2000), to the crime of possession of drug paraphernalia, reasoning that it, too, is a lesser offense than simple possession and thus qualifies for FFOA treatment if expunged under state law. Cardenas-Uriarte, 227 F.3d at 1137. We reasoned that Congress would not have considered including possession of drug paraphernalia under the FFOA because it is not a federal crime, but that congressional intent indicated the lesser crime of possession of drug paraphernalia should be given FFOA treatment. Id.
Of particular relevance here, we recently held in Rice v. Holder, 597 F.3d 952 (9th Cir.2010), that an individual convicted for the first time in state court of using or being under the influence of a controlled substance was eligible for the same immigration treatment as individuals convicted of drug possession under the FFOA. Rice, 597 F.3d at 957. There, the petitioner was charged with one felony count of possession of cocaine and one misdemeanor count of using or being under the influence of a stimulant under California law. Id. at 954. He pleaded nolo contendere and was convicted. Id. The court suspended the sentence and gave the petitioner three years of supervised probation. Id. At the completion of the probation term, the court set aside the nolo contendere pleas, entered not guilty pleas, and dismissed the original complaint. Id. The BIA, however, held that the petitioner’s conviction for being under the influence rendered him ineligible for relief. Id. The BIA ruled that the crime of being under the influence was not eligible for FFOA relief because the FFOA applies only to simple possession offenses. Id.
We reversed, relying on Cardenas-Uriarte, and held that there was “no relevant distinction for present purposes between the offenses of possession of drug paraphernalia and using or being under the influence of a controlled substance, as both are generally less serious than simple possession.” Id. at 956. “As with possession of drug paraphernalia, ‘Congress would never have considered including’ under the FFOA the offense of using or being under the influence of a controlled substance, because no federal statute covers that crime.” Id. (quoting Cardenas-Uriarte, 227 F.3d at 1137).
Here, as in Rice, Nunez-Reyes was charged with one count of felony possession and one misdemeanor count of being under the influence. He pleaded guilty and the state court dismissed the charges under California Penal Code section 1210.1. Thus, “the arrest and the conviction shall be deemed never to have occurred,” id. § 1210.1(e)(1), and the conviction cannot be used to render Nunez- *1105 Reyes ineligible for cancellation of removal. As in Cardenas-Uriarte and Rice, “[w]e can be sure that [being under the influence] is a lesser offense because it would be a misdemeanor once probation was successfully completed while possession of the drugs would have been a felony.” Cardenas-Uriarte, 227 F.3d at 1137; see also Rice, 597 F.3d at 956. Thus, we hold that Nunez-Reyes’ expunged conviction under California Health and Safety Code section 11550(a) for being under the influence may not be treated as a “conviction” for purposes of the immigration laws.
We also reject the BIA’s holding that our reasoning in Cardenas-Uriarte is undermined because Nunez-Reyes “was charged with the same offense to which he ultimately pleaded guilty; he did not ‘plead down’ from a charge of simple possession.” The holding in Rice clarifies, as we do here, that expanded FFOA treatment of lesser crimes does not depend on whether the petitioner originally was charged with simple possession and pleaded down from the charge. The proper focus is the petitioner’s conduct, not the prosecutor’s conduct. See, e.g., RamirezAltamirano, 563 F.3d at 809 (stating that “ ‘the critical question is ... what[the petitioner] did’ ” (alteration in original) (quoting Lujam-Armendariz, 222 F.3d at 738 n. 18)).
We decline to address the government’s other arguments concerning grounds on which the BIA did not rely. Because “we conclude that the BIA’s decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.” Id. at 804 (internal quotation marks omitted).
Petition GRANTED; REMANDED for further proceedings.