**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO LARA-SANDOVAL, | No. 09-71620 |
| Petitioner, | Agency No. A077-332-394 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:      GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Pedro Lara-Sandoval, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's denial of his applications for adjustment of status and

cancellation of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo questions of law, *Rice v. Holder*, 597 F.3d 952, 954-55 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

Lara-Sandoval does not contest the agency's determination that his conviction under Cal. Health & Safety Code § 11550(a) constitutes a violation of a law "relating to a controlled substance." *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1227(a)(2)(B)(i). He therefore is ineligible for adjustment of status, *see id*. § 1255(a)(2), and cancellation of removal, *see id*. § 1229b(b)(1)(C).

Lara-Sandoval's conviction is final for purposes of immigration review, *see Morales-Alvarado v. INS*, 655 F.2d 172, 175 (9th Cir. 1981) (a conviction subject to collateral attack is final for immigration purposes), and we may not reexamine the conviction here, *see Urbina-Mauricio v. INS*, 989 F.2d 1085, 1089 (9th Cir. 1993) (a conviction cannot be collaterally attacked in an immigration proceeding). Because his conviction has not been expunged pursuant to a state rehabilitative statute, he would not qualify for benefits under the Federal First Offender Act. *See Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1290-92 (9th Cir. 2004).

We lack jurisdiction to consider Lara-Sandoval's voluntary departure claim because he did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**