**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| HENRY JAVIER MIRANDA-MALTEZ, | No. 07-71863 |
| Petitioner, | Agency No. A041-985-410 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2012[**]
Pasadena, California

Before:    FARRIS and W. FLETCHER, Circuit Judges, and HELLERSTEIN,
Senior District Judge.[***]

Henry Javier Miranda-Maltez ("Miranda") petitions for review of a Board of

Immigration Appeals ("BIA") decision finding him removable under INA §

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Alvin K. Hellerstein, Senior United States District
Judge for the Southern District of New York, sitting by designation.

237(a)(2)(B)(i) for having been convicted in 2000 of transportation of marijuana in violation of California Health & Safety Code ("CH&SC") § 11360(a). Miranda argues that the BIA erred in finding that the Department of Homeland Security ("DHS") proved his removability by clear and convincing evidence because the DHS failed to prove his offense was not "a single offense involving possession for one's own use of 30 grams or less of marijuana." *See* INA § 237(a)(2)(B)(i). Miranda also argues that his 2000 conviction for transportation of marijuana is invalid for immigration purposes under *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000), *overruled by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc).

Miranda's first argument fails because the record of conviction shows Miranda was charged and pled nolo contendere to *transporting* marijuana rather than possessing it, giving it away, or doing something else with it. Transportation of marijuana is not "a single offense involving possession for one's own use of 30 grams or less of marijuana." *See* INA § 237(a)(2)(B)(i). Transportation and possession of marijuana are separately delineated offenses under California law, and possession for one's own use is not an essential element of transportation. *Compare* CH&SC § 11357, *with* CH&SC § 11360; *see also People v. Rogers*, 486 P.2d 129, 131 (Cal. 1971).

2

Miranda's second argument fails because transportation of a controlled substance is not an equivalent or lesser offense than simple possession. Prior to *Nunez-Reyes*, the law in this circuit provided that:

> a state conviction cannot be used for immigration purposes if the alien can show that (1) the conviction was his first offense; (2) he had not previously been accorded first offender treatment; (3) his conviction was for possession of drugs, or an equivalent or lesser charge such as possession of drug paraphernalia; and (4) he received relief under a state rehabilitative statute.[1]

*Rice v. Holder*, 597 F.3d 952, 956 (9th Cir. 2010) (internal quotation marks, emphasis, punctuation, and citation omitted), *overruled by Nunez-Reyes*, 646 F.3d 684. *Nunez-Reyes* overruled this law prospectively but left it intact according to its terms for aliens, like Miranda, who were convicted prior to the decision's publication date. *See Nunez-Reyes*, 646 F.3d at 694. However, *Nunez-Reyes* retroactively overruled *Rice*'s holding that the offense of being under the influence of a controlled substance is a lesser offense than simple possession. *Nunez-Reyes*, 646 F.3d at 695 n.7. The en banc Court in *Nunez-Reyes* distinguished *Rice* from earlier cases such as *Ramirez-Altamirano v. Holder*, 563 F.3d 800 (9th Cir. 2009),

---

[1]During his removal proceedings, Miranda's conviction of transportation of marijuana was expunged by the State court, a form of "relief under a state rehabilitative statute." *See Rice v. Holder*, 597 F.3d at 956. Expungement alone, where the alien was convicted of a crime more serious than possession of drugs or an equivalent or lesser charge, does not qualify the alien for relief from an Order of Removal. *Ramirez-Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir. 2002).

3

*Cardenas-Uriarte v. INS*, 227 F.3d 1132 (9th Cir. 2000), and *Lujan-Armendariz*, 222 F.3d 728, noting that in the earlier cases "it was clear that the conviction was for a 'lesser offense' because the alien was convicted of a single crime that carried a lesser penalty than the crime of simple possession." *Nunez-Reyes*, 646 F.3d at 695. "Being under the influence is not a lesser offense to simple possession," we reasoned, "because it arguably is more serious than mere possession" in that it "alters one's sober state of mind and carries an immediate risk of dangerous behavior, which mere possession does not necessarily create." *Id.*

At the least, transportation of a controlled substance "arguably is more serious than mere possession." *See id.* Transportation of marijuana under CH&SC § 11360(a) carries a punishment of imprisonment for two, three, or four years, whereas possession of marijuana under CH&SC § 11357(b) or (c) is punished by a fine of not more than $100 (§ 11357(b)), or six months in county jail and/or a fine of not more than $500 (§ 11357(c)). Furthermore, transportation of marijuana carries risks not created by mere possession, such as the risk that use of drugs in vehicles will cause traffic hazards and accidents. *See Rogers*, 486 P.2d at 133.

Miranda's Petition for Review is DENIED.