**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL QUINONES-FLORES, | No. 13-71136 |
| Petitioner, | Agency No. A072-320-607 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2015[**]
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

**1.** The Board of Immigration Appeals properly concluded that Miguel

Quinones-Flores is ineligible for relief under the Federal First Offender Act

(FFOA), 18 U.S.C. § 3607. If that statute were applicable, Quinones-Flores' 2003

conviction for being under the influence of methamphetamine would create no

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

adverse collateral immigration consequence. The FFOA applies to expunged convictions for simple possession or a "lesser offense." *Nunez-Reyes v. Holder*, 646 F.3d 684, 695 (9th Cir. 2011) (en banc). But this court has held that being under the influence is not a "lesser offense" than simple possession. *Id.*

Quinones-Flores argues that *Rice v. Holder*, 597 F.3d 952 (9th Cir. 2010), which held otherwise, ought to apply to his case. He is incorrect. We overruled *Rice* in *Nunez-Reyes*, and we explicitly made that aspect of our decision retroactive. *See Nunez-Reyes*, 646 F.3d at 695 n.7 (explaining that no reliance interests prevented retroactive application of the court's decision to overrule *Rice*).

**2.** Quinones-Flores also raises a due process claim, arguing that he did not receive adequate notice of the consequences of departing the country, however briefly, during the pendency of his removal proceedings. To prevail on this claim, Quinones-Flores must show not only a constitutional violation but also prejudice. *See Ramirez-Alejandre v. Ashcroft*, 320 F.3d 858, 872 (9th Cir. 2003) (en banc). He cannot do so in this case. Even if he had been charged with being deportable rather than being inadmissible, the principal consequence would have been a shift in the burden of proof to the government. The outcome of Quinones-Flores' removal proceedings did not turn on which party bore the burden of proof, because Quinones-Flores' documented drug conviction renders him both removable and

ineligible for cancellation of removal.  *See* 8 U.S.C. §§ 1227(a)(2)(B)(i),

1229b(b)(1)(C).

**PETITION DENIED.**