**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES BECKLES, | No. 13-71370 |
| Petitioner, | Agency No. A020-425-414 |
| v. | |
| LORETTA E. LYNCH, Attorney General,[**] | AMENDED ORDER[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2015
Portland, Oregon

Before: FISHER, PAEZ and IKUTA, Circuit Judges.

Pursuant to the parties' joint request at oral argument, this case is remanded to the

Board of Immigration Appeals (BIA).

1.     As the government conceded at oral argument, the BIA erred as a matter of

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]Loretta E. Lynch is substituted for her predecessor, Eric H. Holder, Jr., as United States Attorney General.  Fed. R. App. P. 43(c)(2).

law in holding that Beckles' three-year probationary sentence disqualified his conviction for treatment under *Lujan-Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000), *overruled by Nunez-Reyes v. Holder*, 646 F.3d 684, 688 (9th Cir. 2011) (en banc). Although we lack jurisdiction to review the BIA's exercise of discretion in declining to reopen proceedings sua sponte, we have jurisdiction to review the underlying legal error. *See Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014).

*Lujan-Armendariz* itself extended Federal First Offender Act (FFOA) treatment to a noncitizen who successfully served five years of probation for a simple drug offense. *See* 222 F.3d at 733. Similarly, in *Rice v. Holder*, 597 F.3d 952, 954 (9th Cir. 2010), *overruled on other grounds by Nunez-Reyes*, 646 F.3d at 695, we held that a controlled substance offense was eligible for FFOA treatment even though the petitioner had been sentenced to three years' probation, of which he had served approximately 19 months. *See id.* Remand is appropriate in order for the BIA to correctly apply *Lujan-Armendariz* in determining whether to sua sponte reopen Beckles' proceedings.

2. In considering whether to exercise its discretion to grant Beckles' motion to reopen, the BIA may consider other issues raised by the parties on appeal, including Beckles' claim that his conviction was vacated for substantive (not rehabilitative) reasons, *see Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102, 1107 (9th Cir. 2006); *Matter of Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003), and the government's claim that

2

Beckles' divorce from his U.S. citizen wife and potential entry into the country as a crewmember in 1977 render him ineligible for relief.

The parties have agreed to stay petitioner's removal pending a decision in this matter by the BIA.

**REMANDED.**