FILED

**NOT FOR PUBLICATION**

JUL 27 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN MONTERO SOSA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71985<br><br>Agency No. A092-587-975<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:    CANBY, BEA, and MURGUIA, Circuit Judges.

Adrian Montero Sosa, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo question of law, *Nunez-Reyes v. Holder*, 646

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 684, 688 (9th Cir. 2011) (en banc), and we deny the petition for review.

The BIA correctly determined that Montero Sosa's conviction under California Health & Safety Code § 11550 constitutes a violation of a law "relating to a controlled substance" that renders him ineligible for adjustment of status, where the complaint read in conjunction with the minute order is sufficient to establish that Montero Sosa pleaded guilty to a violation of § 11550 involving phencyclidine. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1255(a)(2); *United States v. Torre-Jimenez*, 771 F.3d 1163, 1168 (9th Cir. 2014) (where minute order specifies defendant pleaded guilty to specific count in complaint, court may consider facts alleged in complaint). The BIA did not err in rejecting Montero Sosa's contention that his difficulty in obtaining possible additional conviction documents renders the record of conviction inconclusive.

The subsequent expungement under California Penal Code § 1203.4 of Montero Sosa's conviction does not erase its effect for immigration purposes. *See Nunez-Reyes*, 646 F.3d at 695 (Federal First Offender Act exception not available for "under the influence" convictions); *Ramirez-Castro v. INS*, 287 F.3d 1172, 1175 (9th Cir. 2002) (expungement of a criminal conviction under § 1203.4 generally does not remove its immigration consequences). There is no factual basis in the record to distinguish Montero Sosa's situation from the one presented

13-71985

in *Nunez-Reyes* for purposes of applying the *Nunez-Reyes* holding to Montero Sosa. *See Nunez-Reyes*, 646 F.3d at 695 n.7 (applying *Nunez-Reyes* retroactively where petitioner pleaded guilty years before *Rice v. Holder*, 597 F.3d 952 (9th Cir. 2010)).

Montero Sosa's motion to strike respondent's brief is denied.

Montero Sosa's motion to remand, based on new evidence that his conviction has been vacated under California Penal Code § 1016.5, is also denied. *See* 8 U.S.C. § 1252(b)(4)(A) (the court's review is limited to the administrative record); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (new evidence may be added to the record through a motion to reopen with the agency).

**PETITION FOR REVIEW DENIED.**