**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO GARCIA-ANDRADE, | No. 15-71749 |
| Petitioner, | Agency No. A091-857-082 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before: SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Alejandro Garcia-Andrade, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his applications for cancellation of removal and adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo questions of law, including claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

The agency properly denied cancellation of removal and adjustment of status, where Garcia-Andrade failed to meet his burden of proof to establish that his conviction under California Health & Safety Code ("CHSC") section 11550(a) is not a controlled substance violation that renders him ineligible for these forms of relief. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1229b(b)(1)(C), 1255(i)(2)(A); *see also Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (an applicant for relief from removal cannot establish eligibility where a conviction record is inconclusive as to which elements of a divisible statute formed the offense); *Tejeda v. Barr*, 960 F.3d 1184, 1186 (9th Cir. 2020) (holding CHSC § 11550(a) is divisible with regard to substance); *Lopez v. Sessions*, 901 F.3d 1071, 1075 (9th Cir. 2018) (Federal First Offender Act ("FFOA") treatment "only applies to first time drug offenders convicted of simple possession of a controlled substance").

Garcia-Andrade's equal protection and due process arguments fail, where Garcia-Andrade entered his plea thirteen years before FFOA treatment was extended to vacated convictions for being under the influence of a controlled substance and that extension has since been overruled. *See Nunez-Reyes v. Holder*, 646 F.3d 684, 690, 695 n.7 (9th Cir. 2011) (holding that "equal protection does not

require treating, for immigration purposes, an expunged state conviction of a drug crime the same as a federal drug conviction that has been expunged under the FFOA" and considering that there was no evidence that litigants had relied on *Rice v. Holder*, 597 F.3d 952, 957 (9th Cir. 2010) (holding "that persons convicted of using or being under the influence of a controlled substance, where that offense is less serious than simple drug possession" are eligible for such treatment), in determining that no "substantial inequitable results" arose from the retroactive application of the decision to overrule *Rice*); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**