Opinion by Judge ZOUHARY; Concurrence by Judge BERZON.
OPINION
ZOUHARY, District Judge:
The Department of Homeland Security (“DHS”) charged Petitioner Jerry Villavi-eencio-Rojas with removability. Villavi-cencio applied for a status adjustment based on his wife’s U.S. citizenship, but an immigration judge found his two prior drug convictions barred him from relief. The Board of Immigration Appeals summarily affirmed. Villavicencio now petitions for review.
I.
Villavicencio, a Guatemalan citizen, entered the United States illegally in 1992. He is married to a U.S. citizen. In October 2008, DHS charged Villavicencio with being present in the United States without admission or parole. Villavicencio conceded removability but sought cancellation of removal and a status adjustment based on his marriage.
Two months later, Villavicencio pled guilty to possession under California law. The charges stemmed from a single event on the same day and formed two counts of one criminal case. In January 2009, a state judge sentenced Villavicencio to a total of 180 days in jail for both counts. After his release, Villavicencio successfully petitioned the court to expunge his convictions under Cal.Penal Code §§ 1203.3-1203.4.
Despite this later expungement, an immigration judge found the two convictions retained their immigration consequences and barred Villavicencio from cancellation of removal or adjustment of status. Vil-lavicencio argued the two convictions were excused under the Federal First Offender Act (“FFOA”), 18 U.S.C. § 3607(a), because they stemmed from a single event and were packaged and sentenced together by the state court. The IJ disagreed, concluding that the FFOA applies only to a defendant found guilty of a single possession count involving a single drug. Villavi-cencio appealed to the BIA, which affirmed the I J’s decision without opinion.
*1218 II.
Where, as here, the Board summarily affirms the IJ’s decision, this Court reviews the IJ’s decision as the final agency action. Sanchez v. Holder, 704 F.3d 1107, 1109 (9th Cir.2012). Whether Villavicencio’s convictions bar him from discretionary relief is a question of law reviewed de novo. See Coronado v. Holder, 759 F.3d 977, 982 (9th Cir.2014).
III.
An alien subject to removal may ask the Attorney General to adjust his status “to that of an alien lawfully admitted for permanent residence if the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.” 8 U.S.C. § 1255(i)(2). Because an alien convicted of an offense “relating to a controlled substance” is generally inadmissible, the alien bears the burden of showing any such convictions do not bar adjustment of his status or cancellation of removal. See id. §§ 1182(a) (2) (A) (i)(II), 1229a(c)(4)(A)(i), 1229b(b)(l)(C).
This Court held in Lujavr-Armendariz v. INS that expungement under a state law analogous to the FFOA eliminates any immigration consequences that would otherwise stem from that conviction. 222 F.3d 728, 749 (9th Cir.2000). Though this Court later overruled Lujarir-Armendariz en banc, it did so only prospectively. See Nunez-Reyes v. Holder, 646 F.3d 684, 687 (9th Cir.2011) (en banc). The parties agree that Nunez-Reyes does not bar Villavicen-cio from relief, as his convictions occurred before 2011.
The FFOA provides individuals found guilty of simple drug possession the opportunity to enter a diversion program and avoid entry of a judgment of conviction. Under 18 U.S.C. § 3607(a), first-offender treatment is available to any “person found guilty of an offense described in section 404 of the Controlled Substances Act” who “has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances” and has not previously received the benefit of first-offender treatment.
The dispute here centers on whether Villavicencio was found guilty of “an offense” given that he pled guilty to two counts of drug possession. Villavicencio argues his two counts should be considered one “offense” because they arose out of a single event, followed by a single criminal case with one case number, and the court sentenced him to 180 days of imprisonment without allocating separate time to each count. Moreover, the parties do not dispute that Villavicencio had not been convicted of a controlled substance offense “prior to the commission of’ the two counts. 18 U.S.C. § 3607(a)(1).
The FFOA’s purpose supports Villavicencio’s position. We previously recognized that the FFOA “permits first-time drug offenders who commit the least serious type of drug offense to avoid the drastic consequences which typically follow a finding of guilt in drug cases.” Lujan-Armendañz, 222 F.3d at 735. And legislative history suggests the FFOA was intended to avoid “mak[ing] felons of our young men and women who come into contact with drugs on a first occasion.” Cardenas-Uriarte v. INS, 227 F.3d 1132, 1137 (9th Cir.2000) (quoting 116 Cong. Rec. 33304 (Sept. 23, 1970) (statement of Rep. Rogers)), overruled by Nunez-Reyes, 646 F.3d at 687.
Moreover, we have implicitly acknowledged that multiple counts arising out of the same event are not an absolute bar to first-offender treatment, as the Government suggests. See, e.g., Rice v. Holder, 597 F.3d 952, 956-57 (9th Cir.2010) (allowing first-offender treatment where peti *1219 tioner was found guilty of two separate drug counts and declining to address the Government’s argument that these counts constituted two separate offenses under the FFOA), overruled by Nunez-Reyes, 646 F.3d at 695.
Neither of the cases cited by the Government dictate otherwise. See de Jesus Melendez v. Gonzales, 503 F.3d 1019 (9th Cir.2007); Aguiluz-Arellano v. Gonzales, 446 F.3d 980 (9th Cir.2006). They merely hold that first-offender treatment is not available to petitioners who have already been convicted of or received first-offender treatment for an offense committed years before the offense in question — a proposition that is clearly contemplated by the statute and has no bearing on the facts here. See 18 U.S.C. § 3607(a)(l)-(2) (restricting FFOA treatment to offenders who “ha[ve] not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances” and “ha[ve] not previously been the subject of a disposition under this subsection”).
The IJ erred in concluding Villavicencio’s two counts of drug possession would bar him from first-offender treatment under the FFOA. We hold the two counts amount to a single “offense” under the FFOA because they arose out of a single event, composed a single criminal case, and triggered a single, undivided sentence. While he was charged with possession of two different drugs, that alone does not change Villavicencio’s status as a first-time drug offender under the FFOA.
IV.
Villavicencio also argues the BIA erred in summarily affirming the IJ’s decision. Given the novel issue raised in Villavicencio’s appeal, the Board likely should have issued a written opinion. But, as the Government argues, any error here does not require remand for consideration of the issue in the first instance because it “is purely legal and ... involves an interpretation of the FFOA, a statute which the BIA is not charged with administering.” Aguiluz-Arellano, 446 F.3d at 984.
V.
The petition for review is granted, and the case is remanded to the agency to determine whether Villavicencio is otherwise entitled to discretionary relief.
GRANTED AND REMANDED.