NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL MARTINEZ-MENDOZA, Petitioner, v. MERRICK B. GARLAND, Attorney General of the United States, Respondent. | No. 21-743 A 205-699-994 MEMORANDUM[*] |

Petition for Review of an Order from the Board of Immigration Appeals

Submitted June 6, 2024[**]
Portland, OR

Before: RAWLINSON, FORREST, and SUNG, Circuit Judges.

Petitioner Martinez-Mendoza petitions for review of the Board of Immigration Appeals' (BIA) summary affirmance of the immigration judge's (IJ) denial of Martinez-Mendoza's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Where the BIA affirms an IJ's order without opinion, we review the IJ's order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

as the final agency action. *Villavicencio-Rojas v. Lynch*, 811 F.3d 1216, 1218 (9th Cir. 2016). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). A finding is unsupported by substantial evidence only when the evidence presented would "*compel* a reasonable finder of fact to reach a contrary result." *Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019) (citation omitted). We affirm.

1.     ***Streamlined BIA Review.*** Martinez-Mendoza argues that the BIA erred in summarily affirming the IJ's decision without opinion. This is incorrect because the agency's regulations authorize a single BIA member to affirm the IJ's decision "without opinion." 8 C.F.R. § 1003.1(e)(4); *see also Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003) (discussing the BIA's streamlining procedures). And when the BIA proceeds in this way and "summarily adopts the IJ's decision without opinion . . . , we 'review the IJ's decision as if it were the BIA's decision.'" *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (quoting *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011)).

2.     ***Asylum & Withholding.*** Martinez-Mendoza seeks asylum and withholding of removal based on his membership in a particular social group (PSG), so he "must show that the proposed social group is '(1) composed of members who share a common immutable characteristic [that is] (2) defined with particularity[] and (3) socially distinct within the society in question.'" *Conde Quevedo v. Barr*,

2

947 F.3d 1238, 1242 (9th Cir. 2020) (citation omitted). Martinez-Mendoza fails to challenge the IJ's determination that his proposed PSG of "U.S. deportees or migrants in Mexico who are homeless or living alone and targeted for recruitment by drug cartels" is not cognizable. Thus, any claim based on this PSG fails. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (holding that a petitioner waives review of the Board's reason for denying asylum by failing to contest that aspect of the decision).

Assuming that Martinez-Mendoza's second proposed PSG, his father's family, is cognizable, any claim for relief based on this ground likewise fails because the IJ did not err in concluding that Martinez-Mendoza failed to establish past persecution[1] or a well-founded fear of future persecution. "To qualify for asylum based on past persecution, an applicant must establish that . . . [his] treatment rises to the level of persecution . . . .'" *Antonio*, 58 F.4th at 1073 (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017)). An "extreme concept," persecution is "the infliction of suffering or harm" in an offensive manner, which often includes "bodily harm or a threat to life or liberty." *Kaur v. Wilkinson*, 986 F.3d 1216, 1222 (9th Cir. 2021) (citations omitted). Threatening phone calls and

---

[1]Our caselaw is inconsistent about whether the agency's determination that past harm amounts to past persecution is reviewed de novo or for substantial evidence, *Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022), but we need not resolve that conflict here, because Martinez-Mendoza's claim fails under either standard.

economic extortion from cartels do not constitute persecution unless "the threats are so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Here, the IJ did not err in concluding that the threats at issue did not rise to the level of persecution and that any possibility that Martinez-Mendoza would be harmed if returned to Mexico was speculative, particularly where he has several similarly situated family members residing in Mexico who have not suffered harm. Accordingly, we deny the petition with respect to the asylum and withholding claims.

3. ***CAT.*** Finally, Martinez-Mendoza argues that the IJ erred in finding that he is ineligible for protection under CAT. Again, we disagree. Martinez-Mendoza does not challenge the IJ's dispositive determination that Martinez-Mendoza could relocate within Mexico. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022) (holding that the possibility of relocation justifies the denial of CAT relief).

**PETITION DENIED.**