NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JENNY WILMER HERNANDEZ; DANIA SUSANA HERNANDEZ MINEROS; ALISON VICTORIA HERNANDEZ-HERNANDEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-114

Agency Nos.
A220-467-887
A220-467-888
A220-467-889

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025**
Pasadena, California

Before: GILMAN, WARDLAW, and KOH, Circuit Judges.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Petitioners Jenny Wilmer Hernandez,[1] Dania Susana Hernandez-Mineros, and Alison Victoria Hernandez-Hernandez, natives and citizens of Guatemala, seek review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here," the BIA "summarily affirms the IJ's decision" without issuing an opinion, we review the IJ's decision. *See Villavicencio-Rojas v. Lynch*, 811 F.3d 1216, 1218 (9th Cir. 2016). We review legal conclusions de novo and factual findings for substantial evidence. *Bringas- Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition.

1. Substantial evidence supports the agency's determination that Petitioners failed to demonstrate eligibility for asylum or withholding of removal. "Both asylum and withholding depend on a finding that the applicant was harmed, or threatened with harm, on account of a protected ground," such as membership in a "particular social group" ("PSG"). *Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022). The IJ concluded that Petitioners' proposed PSG of "working class Guatemalans who are vulnerable to criminality" was not cognizable because

---

[1] Jenny Hernandez is the lead petitioner. His wife Dania and daughter Alison are derivative petitioners.

the group lacks particularity, and economic class and vulnerability to crime are not immutable or fundamental characteristics. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021) ("[B]eing a wealthy business owner is not an immutable characteristic because it is not fundamental to an individual's identity."). Petitioners did not specifically challenge these conclusions on appeal and thus this issue is forfeited. *See Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004) ("[We] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (internal quotation and citation omitted).

Similarly, Petitioners did not raise their new proposed social group, "individuals and their family members who have been extorted by gang members and threatened with death for reporting them to the police," before the agency and thus failed to exhaust the argument. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency.").

2.      Substantial evidence also supports the agency's determination that Petitioners did not establish eligibility for CAT relief. Those seeking CAT relief must show that it is more likely than not that they will be tortured by or with the acquiescence of a public official in their native country. *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017). The fact that Guatemalan police accepted

25-114

Wilmer Hernandez's report regarding his extortion but did not further investigate the crime is insufficient to establish government acquiescence to torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."). Moreover, the country conditions evidence regarding a generalized level of crime in Guatemala is insufficient to compel the conclusion that Petitioners would face torture in Guatemala. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022) (denying petition for review because country conditions evidence acknowledging "crime and police corruption in Mexico generally" did not demonstrate that the petitioner faced a "particularized, ongoing risk of future torture").[2]

**PETITION DENIED.**

---

[2] The stay of removal will dissolve upon the issuance of the mandate. The motion for stay of removal, Dkt. 2, is otherwise denied.