NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAIME SILVA HERNANDEZ; MARIA
CONCEPCION GOMEZ MIRANDA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-634

Agency Nos.
A205-263-335
A205-263-336

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2025[**]
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Petitioners Jaime Silva-Hernandez and Maria Concepcion Gomez-Miranda

seek review of the Board of Immigration Appeals' (BIA) summary affirmance of the

immigration judge's (IJ) denial of asylum, withholding of removal, protection under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT), and cancellation of removal. We deny the petition.

When "the Board summarily affirms the IJ's decision, this Court reviews the IJ's decision as the final agency action." *Villavicencio-Rojas v. Lynch*, 811 F.3d 1216, 1218 (9th Cir. 2016).

*1.* ***Cancellation of Removal.*** Petitioners argue that they are entitled to cancelation of removal and that the agency failed to consider all the evidence relevant to this request for relief. This court reviews legal questions concerning cancellation of removal de novo, *Hernandez v. Garland*, 38 F.4th 785, 788 (9th Cir. 2022), and reviews the factual findings underlying the cancellation determination for substantial evidence, *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002–03 (9th Cir. 2025). The Attorney General is empowered to cancel an order of removal if a removable alien demonstrates that "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). That "hardship must be out of the ordinary and exceedingly uncommon." *Gonzalez-Juarez*, 137 F.4th at 1006. "It must deviate, in the extreme," from the normal circumstances that arise when an alien is removed. *Id.*

As a preliminary matter, the Government asserts that we lack jurisdiction to review Petitioners' challenge to the IJ's denial of cancellation of removal. That is

incorrect. It is true that we lack jurisdiction "over purely factual findings" and "purely discretionary determinations." *Lemus-Escobar v. Bondi*, 158 F.4th 944, 954 (9th Cir. 2025); 8 U.S.C. § 1252(a)(2)(B)(i). But the Supreme Court has concluded that the application of the exceptional and extremely unusual hardship standard is "a mixed question of law and fact" that is reviewable. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). Additionally, we have jurisdiction to review whether the agency considered all the evidence relevant to this determination. *See Gonzalez-Juarez*, 137 F.4th at 1008 (reviewing petitioner's argument that the BIA failed to consider all the evidence before it).

Petitioners' argument that the IJ failed to consider all the relevant evidence is unpersuasive. The IJ announced at the beginning of her oral decision that "[a]ll of the evidence in the record was considered and given appropriate weight in rendering this decision." That statement, read in light of the presumption of regularity extended to IJ proceedings, *see Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007), and the IJ's reasoned decision that discusses much of the evidence, is sufficient. *Cf. Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) ("When nothing in the record or the BIA's decision indicates a failure to consider all the evidence, a general statement that [the agency] considered all the evidence before [it] may be sufficient." (internal quotation omitted)).

Turning to the merits of the decision, "the hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez*, 137 F.4th at 1006. The BIA "evaluates 'the ages, health, and circumstances' of qualifying relatives" when it evaluates the hardship that will occur from a removal. *Id.* (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001)). The BIA has found that hardship arising from the removal of a parent is not exceptional or extremely unusual. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005).

Petitioners assert that their case is extreme because (1) the children here are at "formative ages" (11 and 10 years old at the time of briefing); (2) the children would lose "not one, but two parents," as well as two older siblings; and (3) family unity would be impossible without cancellation due to the mixed immigration statuses of the family. Petitioners also assert that their children have never been separated from their parents for large intervals. Such circumstances are not substantially worse than "the ordinary hardship that would be expected when a close family member leaves the country." *Gonzalez-Juarez*, 137 F.4th at 1006 (internal quotation omitted). For example, we have recognized that separation from siblings does not compel the conclusion that the hardship standard is met. *Id.* at 1008. At bottom, Petitioners' arguments are typical—not exceptional or exceedingly unusual—of parties seeking cancellation of removal.

**2.** *Withholding of Removal.* Petitioners argue that the IJ applied the same nexus standard to Petitioners' asylum and withholding claims, and therefore "clearly erred in failing to consider Petitioners' claim for withholding of removal under the less stringent nexus standard that is associated with withholding of removal." While it is true that withholding claims are governed by a less stringent nexus standard than asylum claims, *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017) (quoting 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C)), the IJ did not err. The IJ's decision notes that there was no showing "that anything that occurred" to Petitioners was based on their membership in a particular social group, which necessarily means that Petitioners fail both tests regardless of the difference in the nexus standards.

**3.** *CAT Claim.* Petitioners are eligible for CAT relief if they can establish "that it is more likely than not that [they] would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Furthermore, "[t]he record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (original emphasis).

Petitioners again contend that the IJ failed to consider all the relevant evidence pertaining to the likelihood of future torture. That argument fails twice over. First, the IJ *did* consider relevant evidence in assessing the likelihood of future torture. Second, the evidence that Petitioners suggest went unnoticed is not sufficiently

probative of any particularized and non-speculative risk of torture. The documents at issue—190 pages of country conditions evidence—state that violence and crime generally occur in Mexico. Consequently, none of the documents address the "particularized and non-speculative" likelihood of Petitioners being tortured. *See Park*, 72 F.4th at 980 ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture."). The IJ did not err in denying CAT protection.

**PETITION DENIED.** Petitioners' motion for stay of removal, Dkt. 3, is DENIED as moot, and the Court's issuance of a temporary stay shall dissolve upon issuance of the mandate.

25-634