NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EFRAIN VICTORIANO APARICIO-
CAMACHO, AKA Efrain Aparicio,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   18-71714

Agency No. A213-082-587

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2026[**]
Pasadena, California

Before: WARDLAW, M. SMITH, and BADE, Circuit Judges.

Efrain Victoriano Aparicio-Camacho ("Petitioner"), a native and citizen of

Mexico, seeks review of a decision by the Board of Immigration Appeals ("BIA")

dismissing his appeal from an Immigration Judge's ("IJ") denial of his application

for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

deny the petition.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, we review the IJ's decision. *See Villavicencio-Rojas v. Lynch*, 811 F.3d 1216, 1218 (9th Cir. 2016). "The facts underlying any determination on cancellation of removal . . . [are] unreviewable." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024). The only question subject to judicial review is "whether those established facts satisfy the statutory eligibility standard." *Id.* "[W]e review for substantial evidence [the] fact-intensive mixed questions" of eligibility for cancellation of removal. *Lemus-Escobar v. Bondi*, 158 F.4th 944, 954 (9th Cir. 2025) (citing *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1000–03 (9th Cir. 2025)).

1.       Substantial evidence supports the IJ's determination that Petitioner did not establish the ten years of continuous physical presence required for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(A). The IJ found that Petitioner failed to offer any evidence of his physical presence in the United States during "any portion of any year prior to 2011." Given that Petitioner applied for cancellation of removal in 2017 and was ordered removed in 2018, the record does not compel the conclusion that Petitioner established ten years of continuous physical presence in the U.S.[1] *See Lemus-Escobar*, 158 F.4th at 954 n.1.

---

[1] Petitioner argues that his Notice to Appear ("NTA"), served on July 25, 2017, was deficient under *Pereira v. Sessions*, 585 U.S. 198 (2018), and thus he continued to accrue physical presence in the United States until the IJ's decision on

2.      Substantial evidence supports the IJ's determination that Petitioner did not establish that his qualifying relative, his U.S.-citizen daughter, will suffer "exceptional and extremely unusual hardship" in the case of his removal from the United States.  8 U.S.C. § 1229b(b)(1)(D).  The IJ's unreviewable factual findings include the facts that Petitioner's daughter does not have any special needs or health problems, and that Petitioner "should not have difficulty finding some type of employment in Mexico." *See Wilkinson*, 601 U.S. at 225.  Petitioner does not show that the record "compels" the conclusion that the hardship his daughter would suffer as a result of his removal "deviates, in the extreme, from the hardship that ordinarily occurs in removal cases." *Gonzalez-Juarez*, 137 F.4th at 1007; *see also Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (economic and emotional hardship are "sadly common" in the removal context).

**PETITION DENIED.**

---

February 2, 2018.  However, given the IJ's finding that Petitioner failed to provide any evidence of his residence in the United States prior to 2011, Petitioner fails to demonstrate ten years of continuous physical presence even if his claim regarding his NTA is correct, and thus remand to address this point would be an "idle and useless formality." *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (quotation omitted).