NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURBAZ SINGH; MANVEET KAUR; A. S., | No. 25-2130 |
| Petitioners, | Agency Nos. A243-146-541 A243-146-542 A243-146-543 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026**
San Francisco, California

Before: WARDLAW, BRESS, and SANCHEZ, Circuit Judges.

Gurbaz Singh,[1] a native and citizen of India, seeks review of a decision by

the Board of Immigration Appeals ("BIA") dismissing an appeal from an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Gurbaz Singh is the lead petitioner. His wife Manveet Kaur and child A.S. are derivative petitioners.

Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the [BIA] summarily affirms the IJ's decision" without issuing an opinion, we review the IJ's decision. *See Villavicencio-Rojas v. Lynch*, 811 F.3d 1216, 1218 (9th Cir. 2016) (citation omitted). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citation omitted). "Under this standard, findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citation and quotation marks omitted).

1.      Substantial evidence supports the agency's adverse credibility determination against Petitioner. Considering the "totality of the circumstances and all relevant factors," the agency identified several reasons, supported by substantial evidence in the record, for finding Petitioner not credible. *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). In particular, the agency reasonably relied on Petitioner's omission from his declaration and direct testimony of two incidents where members of the Bharatiya Janata Party ("BJP") allegedly searched for him at his home. "[O]missions are probative of credibility to the extent that later

disclosures . . . would bolster an earlier, and typically weaker, asylum application." *Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020). Petitioner recounted these two instances only after being prompted by the IJ during cross-examination. Together, the agency's "specific and cogent reasons supporting [its] adverse credibility determination" satisfy the substantial evidence standard. *See Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010).

2.     Substantial evidence supports the agency's adverse credibility determination against Petitioner's witness, Harjeet Singh. An IJ may base an adverse credibility determination on the "demeanor, candor, or responsiveness" of a witness. 8 U.S.C. § 1158(b)(1)(B)(iii). Here, substantial evidence supports the IJ's determination that Harjeet Singh was "non-responsive," given that, on several occasions, Harjeet Singh did not directly answer the questions asked, "even after detailed instructions and warnings by the Court." *See Bingxu Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) (upholding adverse credibility determination when there were "many instances where the IJ explicitly said that [the witness's] answer was nonresponsive").

3.     Substantial evidence supports the agency's conclusion that Petitioner did not demonstrate eligibility for asylum, withholding of removal, or CAT relief through evidence independent of his own testimony or that of Harjeet Singh. *See Kalulu v. Bondi*, 128 F.4th 1009, 1023 (9th Cir. 2024), *as amended.* The agency

reasonably accorded reduced weight to the third-party affidavits submitted by Petitioner because Petitioner did not produce any of the authors as witnesses for cross-examination. *See Garcia*, 749 F.3d at 791 (upholding the agency's determination that documents were insufficient to rehabilitate an asylum applicant's testimony, in part because the preparers were not available for cross-examination).

**PETITION DENIED.**[2]

---

[2] The motion for a stay of removal, Dkt. 8, is DENIED.

25-2130